JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Jamel Johnson

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Law Office of Daniels Smalls, PLLC., 240 State St, Ste 4, Schenctady, NY 12305. 518-878-8048; dsmalls@smallslaw.net .
Mills Law Group, PLLC., 99 Pine Street, Ste 107, Albany, New York 12207.
(518) 512-3000 ; millslawgroup@outlook.com

## DEFENDANTS
New York State Department of Corrections and Community Services, et al.

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| | | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | | [x] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | [ ] 448 Education | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title 42 U.S.C. § 1983 et. seq. and § 1988; Title 28 U.S.C. §§ 1331.

Brief description of cause:
Violation of Plaintiff's Rights Guaranteed Under the 4th and 14th Amendments of the U.S. Constitution

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE: Senior Judge Lawrence E. Kahn
DOCKET NUMBER: 9:25-cv-00340-LEK-PJE

DATE: March 19, 2025
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

JAMEL JOHNSON

-against-                                                          COMPLAINT
                                                                   JURY TRIAL DEMANDED
NEW YORK STATE DEPARTMENT OF
CORRECTIONS AND COMMUNITY
SUPERVISION (DOCCS), CORRECTIONS
OFFICER GONZALEZ, CORRECTION OFFICERS
JOHN DOE 1-5,
FIVE POINTS CORRECTIONAL FACILITY,
AUBURN CORRECTIONAL FACILITY and
CAYUGA CORRECTIONAL FACILITY
------------------------------------------------------------X

Comes now the Plaintiff JAMEL JOHNSON, by and through his attorney Jasper Mills, Esq. complaining of the Defendants the following claims and state that:

## JURISDICTION

1. JAMEL JOHNSON brings this lawsuit under the United States Constitution, and pursuant to Title 42 U.S.C. § 1983 et. seq. and § 1988  This Court has subject matter jurisdiction of this lawsuit based on Title 28 U.S.C. §§1331 (federal question) and §1343(3) (equal rights).

## VENUE

2. This Court is the proper venue for this lawsuit pursuant to 28 U.S.C. § 1391(b)(1) because all the events complained of occurred within the Western District of New York, and the Defendants are located within the Western District of New York, and, upon information and belief, all of the Defendants reside within New York State.

## **PARTIES**

1. Plaintiff was an inmate committed to Five Points Correctional Facility in the State of New York when the incidents which gave rise to this Complaint occurred in Five Points Correctional Facility.

2. Jamel Johnson is an African-American male who currently an incarcerated inmate in the State of New York.

3. Defendant NYS Department of Corrections and Community Services (DOCCS) is a state agency responsible for the operation of state correctional facilities, including Marcy Correctional Facility.

4. Defendant Corrections Officer Gonzalez is a correctional officer employed by DOCCS at Five Points Correctional Facility.

5. Defendants Corrections Officers John Doe 1 - 5 are correctional officers employed by DOCCS at Five Points Correctional Facility whose identities are currently unknown.

6. Defendant Five Points Correctional Facility is a New York State correctional facility operated by DOCCS.

7. Defendant Auburn Correctional Facility is a New York State correctional facility operated by DOCCS.

8. Defendant Cayuga Correctional Facility is a New York State correctional facility operated by DOCCS.

**PRELIMINARY STATEMENT**

9. On May 16, 2022, at approximately 3:30pm at Five Points Correctional Facility, Plaintiff and another inmate were being escorted by C.O. Gonzalez and other John Doe Correction Officers from the Mess Hall.

10. C.O. Gonzalez ordered Plaintiff against the wall so that a search could of Plaintiff could commence prior to Plaintiff being returned to his cell. Plaintiff complied by placing his arms out with his hands against the wall and spreading his legs.

11. Prior to placing his hands against the wall, Plaintiff took his wallet and cigarettes out of his pocket. During the pat frisk, C.O. Gonzalez took the cigarettes and wallet from the Plaintiff and threw the items onto the floor next to the Plaintiff's feet.

12. Once the search of Plaintiff was completed, C.O. Gonzalez ordered Plaintiff to pick his wallet and cigarettes up off of the floor.

13. As Plaintiff bent down to get the items C.O. Gonzalez assaulted Plaintiff by pushing Plaintiff's head into the wall, strangling him and punching him about the face, head and body.

14. As the assault continued Correction Officers John Doe 1-20 arrived to the location and participated in the assault.

15. Plaintiff was then taken to the infirmary by C.O. Gonzalez and Correction Officers John Doe 1-20 where the defendants repeatedly assaulted Plaintiff with a metal tray until he lost consciousness.

16. Plaintiff was hospitalized and received numerous injuries as a result of the assault.

17. Plaintiff was discharged from the hospital to Auburn Correctional Facility where he was falsely charged with violent conduct, assault on staff, possession of a weapon, creating a disturbance and other violations. Plaintiff was placed into the box immediately.

18. While in the box Plaintiff was denied both medical and mental health services despite several requests from Plaintiff for assistance with the pain and other medical related ailments incurred because of the assault and assistance with the emotional distress incurred due to the assault, false allegations placed on him and his prolonged detention in the box. This caused Plaintiff medical and mental conditions to decline.

19. The more Plaintiff requested assistance with his medical and mental health needs the more he was threatened by the Defendants.

20. On June 2, 2022, Plaintiff was transferred to Cayuga Correctional Facility where he was placed into the box and also denied medical and mental health attention.

21. Plaintiff spent Christmas, New Year's, and his birthday in the box. Altogether, Plaintiff spent approximately 2 years in the box due to the actions of the Defendants. While in the box, Defendants referred to Plaintiff as "nigger", "boy", "monkey" and "bubby" on numerous occasions which further caused damage to his mental health.

22. Plaintiff's grievances pertaining to these incidents were denied by Five Points Correctional Facility and the Department of Corrections as said agencies afforded more credibility to the accounts of Defendants Gonzalez and Correction Officers John Doe 1- 2 than was afforded to the Plaintiff.

23. Plaintiff was further denied video footage of the infirmary where the second assault on Plaintiff occurred.

24. Plaintiff's family and friends contacted the Office of Special Investigations on behalf of Plaintiff so that an investigation could be commenced into the actions of the Defendants.

25. Defendants threatened Plaintiff that if he were to cooperate with the Office of Special Investigations and talk about the Defendants actions that he would be further assaulted and mistreated.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**42 U.S.C. Section 1983 Violation of Plaintiffs' Rights Guaranteed Under 4th and 14th Amendments to the U.S. Constitution to Be Free from False Arrest and False Imprisonment.**

26. Plaintiff repeats and reiterates the allegations set forth in paragraphs 1 – 25 as if the averments therein were fully set forth herein.

27. At the time of Plaintiff's interaction with the Defendants on May 16, 2022, Plaintiff committed no arrestable offense.

28. Based upon the false allegations made by the Defendants the Plaintiff was charged and found guilty of several disciplinary violations.

29. Plaintiff was required to max out his time and was placed in solitary confinement for approximately 2 years.

30. Defendants' actions in falsely accusing him of several disciplinary violations, finding him guilty without evidence, denying him exculpatory evidence in the form of the video from the infirmary and forcing him into solitary confinement for a prolonged

period of time constituted false imprisonment and false arrest in violation of the Fourth and Fourteenth Amendments.

31. Plaintiff was physically assaulted and restrained during the false arrest committed by the Defendants.

32. Based upon the foregoing the Defendants intended to, and did, arrest Plaintiff. Plaintiff did not consent to his arrest and imprisonment which was without probable cause and violated Plaintiff's rights Under the 4th and 14th Amendments to the U.S. Constitution.

33. Plaintiff has been damaged as a result of Defendants' false arrest and false imprisonment in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### 42 U.S.C. Section 1983 Violation of Plaintiffs' Rights Guaranteed Under 8th, 4th and 14th Amendments to the U.S. Constitution to Be Free from the Use of Unreasonable and Excessive Force by Law Enforcement Officers

34. Plaintiff repeats and reiterates the allegations set forth in paragraphs 1 – 33 as if the averments therein were fully set forth herein.

35. Defendants' actions in throwing Plaintiff against the wall, slamming him on the floor, choking him, punching him about the face and body and assaulting him with a weapon constituted excessive force in violation of the Eighth Amendment's prohibition against cruel and unusual punishment.

36. The Defendants struck, hit and physically abused Plaintiff, who was at a severe physical disadvantage and sustained multiple injuries during the physical encounter directed at them by the Defendants.

37. The Defendants' acts were totally unwarranted. Plaintiff an African-American, was physically assaulted, suffered physical injury and placed in fear of serious physical injury or death as a result of the actions committed by Defendants.

38. Based upon the foregoing, the Defendants intended to, and did, physically assault Plaintiff, without consent or justification in violation of Plaintiffs rights under the 8th, 4th and 14th Amendments of the U.S. Constitution, said assault which was unjustified.

39. Plaintiff has been damaged as the result of Defendants' physical assault and excessive force in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### 42 U.S.C. Section 1983 Violation of Plaintiffs' Rights Guaranteed Under 4th and 14th Amendments to the U.S. Constitution to Be Free from Malicious Prosecution

40. Plaintiff repeats and reiterates the allegations set forth in paragraphs 1 – 39 as if the averments therein were fully set forth herein

41. Based upon the false allegations made by Defendants, the Plaintiff was charged and found guilty of several disciplinary violations after a hearing.

42. Plaintiff was denied exculpatory evidence in the form of video footage from the infirmary on May 16, 2022, prior to the Defendants entering judgment against Plaintiff.

43. Plaintiff was required to max out his time and was placed in solitary confinement for approximately 2 years.

44. Defendants' actions in falsely accusing him and finding him guilty without evidence constituted malicious prosecution in violation of the Fourth and Fourteenth Amendments.

45. Plaintiff has been damaged as the result of Defendants' malicious prosecution in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

*Monell* **Claim against the New York State Department of Corrections, Five Points Correctional Facility, Auburn Correctional Facility and Cayuga Correctional Facility**

46. Plaintiff repeats and reiterates the allegations set forth in paragraphs 1 –45 as if the averments therein were fully set forth herein.

47. The Defendant NYS Department of Corrections and Community Services (DOCCS) is a state agency responsible for the operation of state correctional facilities, including Marcy Correctional Facility.

48. Defendant Five Points Correctional Facility is a New York State correctional facility operated by DOCCS.

49. Defendant Auburn Correctional Facility is a New York State correctional facility operated by DOCCS.

50. Defendant Cayuga Correctional Facility is a New York State correctional facility operated by DOCCS.

51. Defendants Gonzalez and Corrections Officers John Doe 1-5 are employed by the Defendants New York State Department of Corrections (DOCCS) and Five Points

Correctional Facility, and at all times material to the averments of the complaint the Defendant Officers were acting within the scope of their employment.

52. Furthermore, staff employed by Defendants Auburn Correctional Facility and Cayuga Correctional facility at all times material to the averments of the complaint, were acting within the scope of their employment

53. Defendants DOCCS, Five Points, Auburn and Cayuga failed to train, supervise, instruct, and/or monitor their employees, and as a result a culture was created acquiescing to the conduct of Defendants Gonzalez, Correction Officers John Doe 1-5 and staff at Auburn and Cayuga that subjected the Plaintiff to false imprisonment, denied Plaintiff medical and mental health services and mistreated Plaintiff.

54. Defendants did not assure that their officers and facilities would not discriminate and violate the rights of the Plaintiff.

55. Plaintiff has been damaged as a result of the Defendant DOCCS, Five Points, Auburn and Cayuga's failure to train, supervise, instruct and/or monitor the Officers in an amount to be determined at trial.

## FIFTTH CAUSE OF ACTION

### Failure to Intercede Claims against the Individual Officers

56. Plaintiff repeats and reiterates the allegations set forth in paragraphs 1 –55 as if the averments therein were fully set forth herein.

57. Defendants Gonzales and Correction Officers John Doe 1-5 each had reason to know that the other had committed various violation of Plaintiffs' rights under the U.S. Constitution and, despite being present at the time of those violations and having a

realistic opportunity to intervene to prevent such harm from occurring, the Defendant officers failed to intervene to prevent and infringement of Plaintiff's rights under the U.S. Constitution.

58. Plaintiff has been damaged, in an amount to be determined at trial, as a result of the failure of either Defendant Gonzalez or Correction Officers John Doe 1-5 to intervene and protect Plaintiff from violations of his rights under the U.S. Constitution.

## SIXTH CAUSE OF ACTION

### Denial of Due Process in Violation of the Fourteenth Amendment

59. Plaintiff repeats and reiterates the allegations set forth in paragraphs 1 –58 as if the averments therein were fully set forth herein.

60. Defendants' actions in denying Plaintiff video of the incidents that occurred in the infirmary of Five Points Correctional on May 16, 2022, forcing him into the box as a result of Defendants' false allegations, taking away Plaintiff's good time and threatening further assault if Plaintiff were to cooperate with the investigation conducted by the Office of Special Investigations constituted a denial of due process in violation of the Fourteenth Amendment.

61. Plaintiff has been damaged as the result of Defendants' denial of Due Process in an amount to be determined at trial.

## SEVENTH CAUSE OF ACTION

**Cruel and Unusual Punishment in Violation of the Eighth Amendment**

62. Plaintiff repeats and reiterates the allegations set forth in paragraphs 1 –61 as if the averments therein were fully set forth herein.

63. Defendants' actions in denying Plaintiff mental health services constitute a violation of his Eighth Amendment rights protecting him against cruel and unusual punishment.

64. Defendants' actions constitute a deliberate indifference to the serious medical needs of the Plaintiff. Hall v. Chandra 2005, Stout v. Rees 2005.

65. Defendants further violated their obligations under federal law by failing to provide the Plaintiff with adequate medical care. Williams v. Cearlock, 993 F.Supp. 1192.

66. Plaintiff has been damaged as the result of Defendants' Cruel and Unusual Punishment in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION

**Cruel and Unusual Punishment in Violation of the Eighth Amendment**

67. Plaintiff repeats and reiterates the allegations set forth in paragraphs 1 –66 as if the averments therein were fully set forth herein.

68. Defendants' actions in denying Plaintiff sufficient medical services constitute a violation of his Eighth Amendment rights protecting him against cruel and unusual punishment.

69. Defendants' actions constitute a deliberate indifference to the serious medical

needs of the Plaintiff. Hall v. Chandra 2005, Stout v. Rees 2005.

70. Defendants further violated their obligations under federal law by failing to provide the Plaintiff with adequate medical care. Williams v. Cearlock, 993 F.Supp. 1192.

71. Plaintiff has been damaged as the result of Defendants' Cruel and Unusual Punishment in an amount to be determined at trial.

## NINETH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

72. Plaintiff repeats and reiterates the allegations set forth in paragraphs 1 –71 as if the averments therein were fully set forth herein.

73. Defendants' actions in subjecting Plaintiff to excessive force, physical assault, false imprisonment, false arrest, malicious prosecution, denial of due process and cruel and unusual punishment inclusive of Defendants' refusal to provide the Plaintiff with medical and mental health services and the repeated use of racial slurs toward the Plaintiff, caused Plaintiff severe emotional distress, for which Defendants are liable under New York State law.

## TENTH CAUSE OF ACTION

**42 U.S.C. Section 1983 Violation of Plaintiffs' Rights Guaranteed Under the 1st, 14th, 8th and 5th Amendments to the U.S. Constitution which protects an inmate's ability to file grievances and pursue civil litigation without fear of retaliation.**

74. Plaintiff repeats and reiterates the allegations set forth in paragraphs 1 – 73 as if the averments therein were fully set forth herein.

75. That Plaintiff was threatened by the Defendants with physical harm and additional incarceration if he were to cooperate with the Office of Special Investigation I their investigation into the Defendants improper conduct.

76. That due to the above-mentioned investigation Defendants', their agents and/or employees threatened physical assault on Plaintiff.

77. This conduct constitutes impermissible retaliation and violates Plaintiff's rights Under the 1st, 5th and 14th Amendments to the U.S. Constitution.

78. Defendants' threats also implicate the Eighth Amendment because said threats coupled with the assault of the Plaintiff at the hands of the Defendants created a substantial risk of harm and were part of a broader pattern of harassment that endangered the Plaintiff's safety.

79. Plaintiff has been damaged as a result of Defendants' actions in an amount to be determined at trial.

WHEREFORE, Plaintiffs demand judgment against Defendants jointly and severally on the following causes of action:

1. As and for a First cause of action, damages in an amount to be determined at trial, but no less than one hundred million dollars as against the Defendants jointly and severally;

2. As and for a Second cause of action, damages in an amount to be determined at trial, but no less than one hundred million dollars as against the Defendants jointly and severally;

3. As and for the Third cause of action, damages in an amount to be determined at trial, but no less than one hundred million dollars as against the Defendants jointly and severally;

4. As and for a Fourth Cause of Action against Defendants New York State Department of Corrections, Five Points Correctional Facility, Auburn Correctional Facility and Cayuga Correctional Facility, damages in an amount to be determined at trial, but no less than one hundred million dollars as against the Defendants jointly and severally;

  5. As and for the Fifth Cause of Action against Defendants Gonzalez and Correction Officers John Doe 1-5 for failing to intervene, damages in an amount to be determined at trial, but no less than one hundred million dollars as against said Defendants jointly and severally;

  6. As and for the Sixth cause of action, damages in an amount to be determined at trial, but no less than one hundred million dollars as against the Defendants jointly and severally;

  7. As and for the Seventh cause of action, damages in an amount to be determined at trial, but no less than one hundred million dollars as against the Defendants jointly and severally;

  8. As and for the Eighth cause of action, damages in an amount to be determined at trial, but no less than one hundred million dollars as against the Defendants jointly and severally;

  9. As and for the Nineth cause of action, damages in an amount to be determined at trial, but no less than one hundred million dollars as against the Defendants jointly and severally;

  10. As and for the Tenth cause of action, damages in an amount to be determined at trial, but no less than one hundred million dollars as against the Defendants jointly and severally;

  11. Plaintiffs also seek Punitive Damages for Defendants' actions which were taken against Plaintiffs with callow disregard for Plaintiffs' rights under the U.S. Constitution;

  12. Plaintiffs also seek Attorneys' fees and costs pursuant to 42 U.S.C. Section 1988;

  13. Plaintiffs also seek such other and further relief as the Court deems just and proper;

  14. Plaintiff demands a trial by jury.


Dated: March 16, 2025,


Respectfully submitted,

*[signature]*

By: Jasper L. Mills, Esq.
Bar Roll No. 4519344
Attorney for Plaintiff
99 Pine Street, Suite 107
Albany, NY 12207
518-265-5494
Millslawgroup@outlook.com